[No. 15997. In Bank.—March 24, 1896.]

## LORRAINE W. DE LA MONTANYA, Respondent, v. JAMES DE LA MONTANYA, Jr., Appellant. LORRAINE S. DE LA MONTANYA et al., Defendants.

Appointment of Guardian — Jurisdiction Local—Absence of Children from State—Domicile Immaterial.—The jurisdiction to appoint a guardian for infants, under the American system, is entirely local, and the superior court has no jurisdiction to appoint a guardian for infants who are absent from the state, and the fact that their domicile is in the state is immaterial, and is no test of jurisdiction to appoint a guardian for them.

Id.—Award of Children to Mother—Publication of Summons—Vacation of Decree.—A decree rendered upon publication of summons, in an action brought by a mother to secure the custody of the children who have been removed from the state by the father, awarding to the plaintiff the exclusive custody of the children, is without jurisdiction, and should be vacated upon motion of the defendant.

Appeal from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment. Charles W. Slack, Judge

The facts are stated in the opinion of the court.

*Dorn & Dorn*, for Appellant.

The judgment was, and is, void, because the appellant, as well as the children, was absent from the state, was not served within the state, and did not appear in the action. (*Pennoyer* v. *Neff*, 95 U. S. 714; 5 Am. & Eng. Ency. of Law, 752, 753, 762; *Gould* v. *Crow*, 57 Mo. 200; *Garner* v. *Garner*, 56 Md. 127; Cooley's Constitutional Limitations,*405; Freeman on Judgments, secs. 584, 585; *Kline* v. *Kline*, 57 Iowa, 386; 42 Am. Rep. 47; *Woodworth* v. *Spring*, 4 Allen, 321; Brown on Jurisdiction, secs. 78, 79.) With respect to guardianship, the actual residence of the infant determines what court has jurisdiction to make the appointment. (10 Am. & Eng. Ency. of Law, 94; *Ware* v. *Coleman*, 6 J. J. Marsh. 198; *Montgomery* v. *Smith*, 3 Dana, 599; *Dorman* v. *Ogbourne*, 16 Ala. 759; *Munson* v. *Newson*, 9 Tex. 109; *Lacy* v. *Will-*

*iams,* 27 Mo. 280; *Lewis* v. *Costello,* 17 Mo. App. 593; *Herring* v. *Goodson,* 43 Miss. 392; *Duke* v. *State,* 57 Miss. 229; *Maxsom* v. *Sawyer,* 12 Ohio, 195; *Darden* v. *Wyatt,* 15 Ga. 414; *Sears* v. *Terry,* 26 Conn. 273; *Boyd* v. *Glass,* 34 Ga. 253; 89 Am. Dec. 252; *Succession of Shaw,* 13 La. Ann. 265; *Brown* v. *Lynch,* 2 Bradf. 214; *Grier* v. *McLendon,* 7 Ga. 362; *United States* v. *Walker,* 109 U. S. 258; *Seamster* v. *Blackstock,* 83 Va. 235; 5 Am. St. Rep. 262; *White* v. *White,* 7 Gill. & J. 210.)

*Garber, Boalt & Bishop,* for Respondent Lorraine W. De La Montanya, and *Edward R. Taylor,* for Francis E. Spencer, guardian *ad litem* of James Francis De La Montanya and Lorraine S. De La Montanya.

Defendants, being domiciled citizens of California, were bound by constructive service of process by publication, even if the action was *in personam.* (2 Black on Judgments, sec. 908; 2 Freeman on Judgments, sec. 570; Sedgwick on Statutory and Constitutional Law, 2d ed., 476, Pomeroy's note; Cooley's Constitutional Limitations, secs. 403, 404; *Flint River etc. Co.* v. *Foster,* 48 Am. Dec. 272, note; *Beard* v. *Beard,* 21 Ind. 321, 323, et seq; *Burnam* v. *Commonwealth,* 1 Duvall, 210; *Biesenthall* v. *Williams,* 1 Duvall, 329; 85 Am. Dec. 629; *Cassidy* v. *Leitch,* 2 Abb. N. C. 315; *Huntley* v. *Baker,* 33 Hun, 578; *In re Empire City Bank,* 18 N. Y. 200; *Grover etc. Co.* v. *Radcliffe,* 137 U. S. 287; *In re Newman,* 75 Cal. 213; 7 Am. St. Rep. 146; *People* v. *Allen,* 40 Hun, 611; *Von Hoffman* v. *Ward,* 4 Redf. 244, 259, et seq; *Johnson* v. *Copeland,* 35 Ala. 521, 525; *Taylor* v. *Jeter,* 33 Ga. 195, 197, et seq., 201, 202; 81 Am. Dec. 202.)

Temple, J.—This is an action prosecuted by the respondent for the custody of the children of plaintiff and defendant, James De La Montanya, Jr., appellant. The children are the other defendants. The facts in regard to the time of the commencement of the action, and the publication of summons, and the absence of the defendants from the state, are in all respects as in the

divorce case No. 15596, just decided. Default was entered May 8, 1894, and on the same day Francis E. Spencer was appointed guardian *ad litem* for the infant defendants. On the same day he filed an answer admitting all the allegations of the complaint, and joining in the prayer. Appellant did not appear in the case, and none of the defendants were within the jurisdiction of the court at any time after the suit was instituted.

May 15, 1894, a decree was entered which formally adjudged: 1. That all the defendants were citizens of this state and domiciled therein; 2. That the removal by the appellant of the children from the state was without right, and in .fraud and violation of the rights of plaintiff; 3. Awarding exclusive custody of the children to plaintiff; and 4. Requiring appellant to forthwith bring the infants into the state, and deliver them to the plaintiff.

September 3, 1894, appellant, after due notice, applied for an order vacating and setting aside the decree, on the ground that the court had no jurisdiction to make it. Affidavits were read on the hearing setting forth facts showing the absence of all the defendants from the state. The motion was denied and this appeal brought.

The order must be reversed, for the reasons given in the divorce case. Jurisdiction to appoint a guardian for infants under the American system is entirely local. I do not doubt that the mere presence of infants within a jurisdiction is sufficient to confer jurisdiction, although they may be residents of another state. But as such jurisdiction is always exercised for the good of the child, the courts would never allow the power to be used for purposes of oppression, or to prevent an infant temporarily within its jurisdiction from being taken away, when its best interests required it, to its more permanent residence. The jurisdiction is never used except when necessary for the good of the child.

Counsel claim here, also, as in the other case, that domicile, and not actual residence, is the test of jurisdiction to appoint a guardian of the person of infants.

The case apparently most relied upon is *In re Willoughby*, L. R. 30 Ch. Div. 324. But that case, if authority at all upon the subject, is the other way. Counsel stated in his argument that England was the domicile, at least by choice, of the infant's father. Nothing in the case warrants that assertion. The case does not show that either parent of the infant was ever in England, or ever expected to be, or had a domicile there of any kind. On the contrary, it is expressly stated that the infant was domiciled in France, and the whole point of the opinions in the case is to show that domicile is not the test of jurisdiction but that allegiance is.

Judge Lindley in his opinion on appeal states the facts very curtly, as is the manner in the English courts: "This is a curious case. The infant is English by nationality and French by domicile. Her father is dead, and her mother is by the French law under the *Code Civil* the guardian of the infant. The infant is not resident here, and has no property here."

The infant was simply a grandchild of an Englishman, and therefore by the law of England declared to be an English subject, and the broad doctrine is announced that the court had the power to appoint a guardian for an infant subject of Great Britain wherever the infant might be, and although domiciled in a foreign country. By the same rule, it would have jurisdiction to appoint a guardian for any infant in the United States, whose grandfather was a natural born subject of Great Britain, though its parents were natural born citizens of the United States, and neither infant nor its parents had ever been domiciled in England. It is easy to see that the case proves nothing for respondent.

The order is reversed, and the trial court directed to grant to appellant the relief demanded in his motion.

Harrison, J., Henshaw, J., and Garoutte, J., concurred.

Rehearing denied.