### HENN v. CHILDREN'S AGENCY et al.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1913.)

No. 2,188.

INFANTS (§ 18*)—JUVENILE DEPENDENT—RESIDENCE—JURISDICTION.

Where a mother living in Montana permitted her minor daughter to go to California for her health, to be returned in six months, but permitted her to remain there for nearly two years, without knowing of her whereabouts, and to become dependent, the juvenile court of the city in which the child was found dependent had jurisdiction to place her in the custody of a children's agency, without reference to her actual residence or that of her mother.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18.*]

Appeal from the District Court of the United States for the First Division of the Northern District of California; John J. De Haven, Judge.

Petition for habeas corpus by Mary Henn, on behalf of Mabel Henn, a minor, to obtain a discharge of the minor from custody of the Children's Agency in San Francisco, pursuant to a commitment of the juvenile division of the superior court of the city and county of San Francisco. From an order sustaining a demurrer to the petition, relator appeals. Affirmed.

Henry B. Lister, of San Francisco, for appellant.

W. T. Kearney, of San Francisco, for appellees.

Before GILBERT, Circuit Judge, and WOLVERTON and DIETRICH, District Judges.

GILBERT, Circuit Judge. The appeal in this case is from an order of the District Court, sustaining a demurrer to a petition for a writ of habeas corpus and denying the writ. The amended petition alleges in substance that Mabel Henn, a child of 10 years of age, a resident of the state of Montana, was, on or about the 27th day of May, 1910, while temporarily within the state of California, seized under a process of the superior court of that state for the city and county of San Francisco, sitting as a juvenile court, and was charged with being a dependent child under subdivision 13, § 1, p. 213, St. Cal. 1909, as amended in 1911 (St. Cal. 1911, pp. 63, 658); that the petitioner is the mother of said child, and a resident of Montana; that no process was served upon petitioner, and that said minor child was not charged with the commission of any crime; that she was charged with being within the county and being dependent, on account of her father's death and having no proper home; that thereupon she was committed to the appellee until she shall

have reached the age of 21 years; and the petitioner alleges that the conviction and the commitment are void, and that the act aforesaid confers jurisdiction on a state to enslave foreign minors without conviction of crime, in violation of the fourteenth amendment. The original petition, which is found in the record, alleges further facts which may properly be considered on the assignment that the court below erred in denying the writ, as they are in the nature of admissions against the petitioner. These are that on or about May 27, 1910, the said Mabel Henn was taken on a visit to California by Marie Maginnis for her health, as she had been sick with typhoid fever, and such change was necessary; that she was taken to California only for the purpose of said visit; and that she was to be returned to Montana within six months.

The present is not the first attack that has been made upon the judgment of the juvenile court on behalf of said minor. In Ex parte Maginnis, 162 Cal. 200, 121 Pac. 723, the counsel who represents the petitioner here represented, on a petition for habeas corpus, one Marie Maginnis, who alleged that the child's name was Mabel Maginnis. The same contention was made there that is made here—that the juvenile court had no jurisdiction over the child, because she was a resident of the state of Montana. But the court said:

"The statute does not limit the power of the court to children who have a technical residence in this state."

And the court upon that consideration, and upon the consideration of the record of the juvenile court showing that the petition initiating the proceedings therein alleged that the minor "is residing in the city and county of San Francisco," and that the order committing the child to the custody of the Children's Agency found that allegation to be true, held that the order could not be reviewed on habeas corpus, and that the writ had been properly denied. The court referred to De la Montanya v. De la Montanya, 112 Cal. 131, 44 Pac. 354, in which Temple, J., speaking for the court, said:

"I do not doubt that the mere presence of infants within a jurisdiction is sufficient to confer jurisdiction, although they may be residents of another state. But, as such jurisdiction is always exercised for the good of the child, the courts would never allow the power to be used for purposes of oppression, or to prevent an infant temporarily within its jurisdiction from being taken away, when its best interests required it, to its more permanent residence. The jurisdiction is never used, except when necessary for the good of the child."

The language so quoted from that opinion aptly expresses the principles which should apply to the decision of the case at bar. Here was a child sent by her mother from Montana, the place of her mother's residence, in charge of another woman, to California, to reside there for six months. While there she became delinquent or dependent. She was within the county over which the juvenile court had jurisdiction. That court not only had the authority, but its duty was, to protect the child. It did so by committing her to the custody of the Children's Agency, the appellee herein, and for nearly two years thereafter the petitioner knew nothing of the whereabouts of the child.

The record herein does not justify the contention of the appellant's counsel that the law of California is harsh or arbitrary, and that it may so operate as unjustly or unconstitutionally to deprive parents of the custody of children who may be temporarily sojourning in or passing through a state other than that of their residence. The court below was dealing with the facts as they were presented on the petition, and not as they might have been presented by the petitioner if she had applied to the juvenile court to obtain a revocation of its order committing the child to the appellee, upon a showing that the order was unjust, that the child was not in fact delinquent or dependent, that the mother had not been remiss in the discharge of her parental duty, and that she was a fit and proper person to have the custody of her child.

We think the District Court committed no error in denying the writ upon the facts presented. Its judgment is affirmed.