[Crim. No. 1098. First Appellate District, Division Two.—December 21, 1922.]

In the Matter of the Application of FRED W. KOLB for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—PROCEEDINGS AFTER PETITION—PLEADING.—Where the sheriff's return to a writ of *habeas corpus* states no fact which tends to show that the judgment committing the petitioner for contempt of court is void, and no answer to the return is interposed or evidence produced or stipulation made that the petition might stand as a traverse, there is nothing further before the court.

[2] DIVORCE—NONRESIDENT WIFE AND CHILD—AWARD OF MAINTENANCE—JURISDICTION.—In an action for divorce by a resident husband against a nonresident wife, who appeared in the action and filed a cross-complaint, the court had jurisdiction, in granting her a decree, to award maintenance for herself and for their minor child, who was also a nonresident and without the jurisdiction of the court, no order being made concerning its custody.

[3] CONTEMPT—AFFIDAVIT—INFORMATION AND BELIEF.—Where the terms of a court decree have been violated and proceedings are taken to terminate the violations or to punish therefor, the affidavit praying for the issuance of the order to show cause is not ineffective because a part of it is made on information and belief.

PROCEEDINGS on Habeas Corpus to obtain release on a commitment for contempt. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Emilio Lastreto and A. Bathurst Crane for Petitioner.

Jesse H. Miller and Walter H. Linforth for Respondent.

R. M. J. Armstrong for Sheriff.

STURTEVANT, J.—Heretofore the petitioner filed a petition in this court asking that a writ of habeas corpus issue, and pursuant to such a request a writ was issued and made returnable before the court. Thereafter the writ was served

upon Thomas F. Finn, as sheriff of the city and county of San Francisco, and the said sheriff made his return in which he set forth that on the thirteenth day of November, 1922, he received said Fred W. Kolb under a certain order of the superior court. He then sets forth in words and figures a copy of said order from which it appears that heretofore an interlocutory decree of divorce was duly and regularly entered in a case in which Fred W. Kolb was plaintiff and Vera A. Kolb was defendant; that said decree was based on the defendant's cross-complaint, and adjudged that the defendant was entitled to a decree of divorce and awarded to the defendant maintenance for herself and minor child; that thereafter, on the eighth day of November, 1922, an order to show cause issued out of the trial court and was served on this petitioner, commanding him to appear and show cause on the tenth day of November, 1922, why he should not be punished for contempt of court for failing to pay the maintenance awarded by the terms of the aforesaid interlocutory decree; that the order to show cause was served on the petitioner and thereafter the same was heard in open court and evidence both oral and documentary was introduced; that from the evidence so introduced the court found that the petitioner was, at the time of the hearing, in default in the sum of one hundred dollars in the payment of the moneys theretofore directed to be paid; and that it was also found that the petitioner had the ability to pay the sum of one hundred dollars, and that his failure to pay said sum was willful and deliberate. Then follows the portion of the judgment finding the petitioner guilty of contempt of court and fixing the punishment at five days' imprisonment in the county jail. To the return so made by the sheriff the petitioner did not interpose an answer, nor was there a stipulation that the petition might stand as a traverse, nor was any evidence produced.

[1] Taking the recitals of the return it will be noted that no fact is stated which tends to show that the judgment committing the petitioner is void. But on the record as made the return is all that is before us. In the case entitled *In re Collins*, 151 Cal. 340, 342 [129 Am. St. Rep. 122, 90 Pac. 827], Mr. Justice Sloss, writing for the court, says: "Before proceeding to a consideration of the merits of the application, it may be well to here repeat what was orally stated at

the hearing regarding the practice of this court on *habeas corpus*. The function of the petition is to secure the issuance of the writ, and, when the writ is issued, the petition has accomplished its purpose. The writ requires a return by the officer or other person having the custody of the prisoner. To such return the petitioner may present exceptions, raising questions of law, or a traverse, raising issues of fact, or both. Where the return is not subject to exception,—that is, where it sets forth process which on its face shows good ground for holding the prisoner, such process being produced at the hearing (Pen. Code, sec. 1480), and the traverse alleges matter tending to invalidate the apparent effect of such process,—the burden of proving such new matter is on the petitioner. The remarks in *In re Smith,* 143 Cal. 368 [77 Pac. 180], are to be taken as referring only to the case where, by agreement of the parties and the consent of the court, the petition is treated as a traverse to the return, and its averments are not disputed. The course of treating the petition as a traverse has frequently been followed in this court, but where it is followed it does not require the respondent to file, in addition to the return, a pleading specifically denying the affirmative allegations of the petition (treated as a traverse) nor does it shift the burden of proof as to such allegations from the petitioner to the respondent. To adopt the analogy of pleadings in civil actions, the return is the complaint, the traverse is the answer; new matter set up in the traverse is deemed denied, and must be proved by the party alleging it.'' It is patent, therefore, that there is nothing further before this court.

[2] However, as a man's liberty is at stake, we have not failed to examine into each question which counsel, by their arguments, assume to be before us. At the time the divorce case was commenced the wife was residing in New York. Upon being informed of the pendency of the action, she came to California, but the minor child was not brought into this state. After the interlocutory decree was entered the wife returned to New York. It does not appear that the decree purported to give the wife the custody of the minor child. No issue of or concerning its custody is involved. Hence the rule stated in *De La Montanya* v. *De La Montanya,* 112 Cal. 131 [44 Pac. 354], is not involved. The decree did award maintenance to the wife and minor child, residents of New

York, and such money judgment was rendered by a court of this state against the husband, a resident of this state. Such proceedings do not involve the doctrine of the case just cited, but do come within the provisions of Code of Civil Procedure, sections 367, 395, 1037, and Civil Code, sections 138, 139. If the husband wanted the child brought within the jurisdiction of the court he could have made such request at the proper time and place.

[3] It was assumed by counsel that the affidavit praying for the issuance of an order to show cause was made by the wife's attorney, and that at least a part of it was made on information and belief. Thereupon it was argued that such a paper is not in legal effect an affidavit. (*Gay* v. *Torrance,* 145 Cal. 144 [78 Pac. 540].) However, that rule is one that has exceptions. One of the exceptions is that line of cases where the terms of a court decree have been violated and proceedings are being taken to terminate the violations or to punish therefor. (*Hughes* v. *Moncur,* 28 Cal. App. 462, 469 [152 Pac. 968]; *In re Selowsky,* 38 Cal. App. 569, 581 [177 Pac. 301].)

Finally, it is claimed that on the hearing of the order to show cause the testimony showed that the petitioner did not have the ability to comply with the court's order, and that therefore the petitioner should have been discharged. The record does not sustain the contention. The averment of the petition is that the petitioner "had no further funds." It does not appear but what he possessed other properties, real or personal.

It follows that the petitioner should be remanded and the writ discharged. It is so ordered.

Nourse, J., and Langdon, P. J., concurred.