[Civ. No. 7377.   Third Dist.   Aug. 1, 1947.]

JAKE S. DOLGOFF, Appellant, v. MARY H. DOLGOFF, Respondent.

J. J. Henderson for Appellant.

Chalmers, Eddy, Cowing & Sans for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order in a divorce proceeding for maintenance of an infant child,

which was made upon application of the defendant, after an interlocutory decree of divorce had been rendered against her.

Plaintiff and defendant were married January 24, 1941. They resided in Yolo County. A son was born as the issue of the marriage. He was named Stephen, and was about three years of age at the time of the commencement of the divorce case. The plaintiff became a member of the armed forces and was absent from their home for several years. The defendant and their infant child went to Nevada, where they established a residence. When the plaintiff returned, he commenced suit in Yolo County for divorce on the ground of extreme cruelty. The complaint was filed November 14, 1945. The defendant appeared and answered the complaint, denying the alleged cruelty, and asked for custody of and maintenance for the child. She also filed a cross-complaint asking for a divorce on the ground of cruelty. A demurrer to the cross-complaint was sustained with leave to amend it. The amendment was not filed. The defendant was not present at the time of trial. But she submitted herself to the jurisdiction of the Yolo County court by filing her answer to plaintiff's suit for divorce, which remained on record in that proceeding. The court thereby obtained jurisdiction of both parties.

After trial, an interlocutory decree of divorce was rendered against the defendant on the ground of cruelty, on June 10, 1946, but it failed to provide for either the custody or control of the child. October 8, 1946, the defendant filed her written application in said case for modification of the interlocutory decree and for allowance to her of maintenance for said child in the sum of $100 per month. That application was supported by her affidavit of merits. An order to show cause why said allowance should not be made was issued and served on the plaintiff. He appeared in opposition to the motion and filed his counteraffidavit of merits. The plaintiff averred that defendant obtained an absolute divorce from him in the State of Nevada on July 8, 1946, together with an order for custody and control of the child, and further averred, on information and belief, that the defendant and their child were residents of Nevada on September 27, 1946.

The motion in the Yolo County court, for maintenance of the child, was heard on the affidavits filed, and submitted upon briefs of the respective parties. November 26, 1946, the court made its order modifying the interlocutory decree, and awarding the defendant a specified sum per month for maintenance

and support of the child. From that order the plaintiff has appealed.

The appellant contends that the Yolo County court was without jurisdiction to allow the defendant maintenance for the child, since both she and the child were residents of the State of Nevada at the time of the divorce trial and when the motion for support of the child was heard.

This is not a question of jurisdiction of a court to render a judgment in a divorce suit for maintenance of a minor child *against* the spouse who resides in another state and who has never appeared or submitted himself to the jurisdiction of the court. It is an entirely different problem. This appeal presents the question of whether a court, having acquired jurisdiction of both parties to a divorce case, by their appearances and participation in the motion for support money for the child, has jurisdiction under section 138 of the Civil Code, to make an order for such maintenance against the resident spouse, even though the applicant therefor actually resides with their child in another state.

Section 138, *supra,* provides in part:

"In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

It has been decided by the great weight of authority that when a court has acquired jurisdiction of the parties to a divorce suit it retains ancillary jurisdiction to modify the decree of divorce by awarding to either spouse the custody or necessary maintenance of their minor child, for its best interest, even though one of the spouses has acquired a residence with the child in another state. (*In re Kolb,* 60 Cal. App. 198, 200 [212 P. 645]; *Stephens* v. *Stephens,* 53 Idaho 427 [24 P.2d 52, 55]; 70 A.L.R. 526, note.) In the Kolb case, *supra,* the husband, who resided in California, brought suit for divorce in this state. His wife and minor child resided in New York. The wife came to California and answered the complaint, denying the material allegations thereof. She also filed a cross-complaint, upon which she was awarded a divorce. The decree did not award the custody of the minor child to the cross-complainant, but did award maintenance

to the wife and minor child. The child was not brought to California. After the interlocutory decree was rendered, the wife returned to New York. For failure to pay the maintenance award, upon motion to show cause the husband was adjudged guilty of contempt. He instituted habeas corpus proceedings to secure his release from jail, on the theory that the court was without jurisdiction, since both the wife and their minor child were residents of New York. Upon hearing, the writ was discharged and the prisoner was remanded. The court said:

"At the time the divorce case was commenced the wife was residing in New York. Upon being informed of the pendency of the action, she came to California, but the minor child was not brought into this state. After the interlocutory decree was entered the wife returned to New York. It does not appear that the decree purported to give the wife the custody of the minor child. No issue of or concerning its custody is involved. Hence the rule stated in *De La Montanya* v. *De La Montanya*, 112 Cal. 131 [44 P. 354], is not involved. The decree did award maintenance to the wife and minor child, residents of New York, and such money judgment was rendered by a court of this state against the husband, a resident of this state. . . .

"It follows that the petitioner should be remanded and the writ discharged. It is so ordered."

The principle involved in that cause is the same which is presented in this case. That decision is in accord with the great weight of authority, and we think it controls the issue on the present appeal. The Kolb case determines that even though the wife, who is a party to a divorce suit, resides with their minor child in another state, but personally appears in that suit in a California court, and thereby confers jurisdiction on the court, an order to pay maintenance to the wife "*and minor child*" is valid and enforcible. The only distinction between that case and the present one is that the court there made the order for maintenance in the interlocutory decree, while in this case the order was made upon subsequent motion for modification of that decree and allowance of support money for the minor child. Both parties appeared and participated in that proceeding. We conclude that the court in this case retained jurisdiction to make the challenged order, despite the fact that the mother and child resided in the State of Nevada.

We are of the opinion the absence of the minor child from this state during the trial and subsequent proceeding for maintenance is immaterial. In the Stephens case, *supra*, it is said in that regard:

"Formally the child was not a party to the action. She was before the court because of the fact that her parents were in court, and both parents voluntarily submitted to the court, who, as between the parents, should have custody and control. In the case of *Anderson* v. *Anderson*, 74 W.Va. 124, 81 S.E. 706, 707, the court laid down the following rule: 'That the children may not have been within the jurisdiction of the court at the time of the institution of the suit or entry of the decree is immaterial, since the parties litigant were the father and mother, and the cause of action, the right of custody, in so far as it affected the children, was between them, and the court had full jurisdiction over them with power to render a personal decree.'"

It will be observed this case does not involve the right of the custody of the minor child. It merely affects the jurisdiction of the court in which a divorce suit is pending to award to the wife, who has the custody of the child but lives in another state, a specific sum for necessary maintenance of the child. Moreover, it is said in 27 Corpus Juris Secundum 1164, section 303b, that:

"The court may make a decree for the support and maintenance of a nonresident child *where the parents have submitted to the jurisdiction of the court.*" (Italics added.)

Likewise, it is said in 17 American Jurisprudence 520, section 686, that:

"[T]he proceedings to modify such a decree [awarding the custody of children in a divorce case] are, in a sense, ancillary to the suit for divorce *in which jurisdiction of the parties has been properly acquired.*" (Italics ours.)

In the heading to annotations appearing on that subject, in 70 American Law Reports at page 526, note, which is supported by numerous authorities from various states, the author states:

"In some jurisdictions there are statutes which empower the court, in entering a decree of divorce, to make an order fixing the right to the custody of children, and to alter or modify the same from time to time, as the circumstances may require. The question whether, under such statute, or, in the absence of statute, in the exercise of its inherent powers, a

court may alter or modify its decree of divorce as to the custody of children, in the absence of the parent or the child from its territorial jurisdiction, has been resolved, by the great weight of decisions, in favor of the existence of such power in the court."

In California, the authority to make an allowance to a spouse in a divorce case for the maintenance of a minor child which is the issue of the marriage, at any time during the pendency of the action, or at the final hearing, or "at any time thereafter during the minority of any of the children of the marriage," is found in section 138 of the Civil Code, as we have previously stated. When that order is made upon due notice to the adverse party, and both parties appear and participate in the proceeding, it is valid and binding regardless of the actual residence of the applicant therefor, or of their minor child.

The cases cited by the appellant in opposition to the previously stated rule are distinguishable from the facts of the present case. The text cited by the appellant from 9 California Jurisprudence, at page 786, section 130, to the effect that a court has "no authority to award custody of children not within its territorial jurisdiction," has no application to an order made in a divorce case for the maintenance of a child, where both parties appear and participate in the proceeding. The first case cited in support of that statement in the text is *In re McMullin,* 164 Cal. 504 [129 P. 773]. That was a petition for a writ of habeas corpus in which petitioner, the husband, alleged that he was being unlawfully imprisoned by the sheriff of Sonoma County under section 270 of the Penal Code for wilfully failing to support his minor child. It was not an application in a divorce case, under section 138 of the Civil Code, for an order to support a minor child. No divorce suit was ever commenced in California. The wife did take their daughter to Nevada, where she procured a divorce and custody of the child. She then returned to Sonoma County, where she was duly appointed guardian of the person and estate of their daughter. Since there was no divorce suit pending in Sonoma County, the question of actual or ancillary jurisdiction of a divorce court was not involved.

In support of the same quotation from California Jurisprudence, last mentioned, the case of *De La Montanya* v. *De La Montanya,* 112 Cal. 131 [44 P. 354], was cited. That was a separate suit brought in San Francisco by the wife, for the

guardianship, custody and control of children. It was not a divorce case. Prior to the commencement of that suit, and a former suit for divorce, which last-mentioned case was reversed on appeal (112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]), the husband had taken the children and left the State of California. He was not present and did not participate in either trial. In both suits service by publication of summons, only, was made. The defendant did not appear or answer either complaint. In the latter suit for guardianship and custody of the children, the default of the defendant was entered, and judgment was rendered awarding plaintiff the custody of the children. Subsequently, the father moved to vacate the judgment on the ground that the court lacked jurisdiction, since the father and the children were residing in another state, and he did not appear or submit himself to the jurisdiction of the court. That motion was granted. The court said, "Jurisdiction *to appoint a guardian* for infants under the American system is entirely local." That case has no application to the facts of this suit. The court never acquired jurisdiction in that case of either the father or the children. That was a petition for guardianship, and not a suit for divorce. In the present action both parties submitted to the jurisdiction of the court in the divorce suit, and participated in the very motion for support of the children.

*In re Chandler,* 36 Cal.App.2d 583 [97 P.2d 1048], relied on by the appellant in this case, is not in point. The question of jurisdiction of a California court to make an order for the maintenance of minor children, in a divorce suit, was not involved. In that case, the father, who petitioned for a writ of habeas corpus, had taken the minor children from California and established a residence in Texas. The wife subsequently commenced suit for divorce in Los Angeles. The defendant appeared in that suit in California. The court made an order for the defendant to "bring said children from the State of Texas and produce them in the Los Angeles superior court." For failure to do so he was cited before the court on a charge of contempt, and found guilty thereof. He was imprisoned for contempt, and instituted the petition for habeas corpus on the ground that the California court had no authority to *compel him to bring the children from Texas to California.* That was the only issue determined in that case. The court held that a parent could not be compelled to bring children from their domicile in one state into another state.

In support of that conclusion the court cited the text in 9 California Jurisprudence, at page 786. That case is not authority, precluding a court from awarding maintenance for the benefit of minor children in a divorce court when both parties have submitted themselves to the jurisdiction of that court.

The other cases cited by the appellant may be likewise distinguished.

It is true that jurisdiction to appoint guardians of minor children, unlike applications for custody or maintenance of minor children in divorce cases under section 138 of the Civil Code, ordinarily depends upon the residence or domicile of the children. (13 Cal.Jur. 146, §§ 8, 9.) That very distinction has led to much confusion upon that subject.

That portion of the order awarding maintenance to the respondent for support of the minor son, from which this appeal was taken, is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 29, 1947. Carter, J., and Schauer, J., voted for a hearing.