[Civ. Nos. 8190, 8258.   Third Dist.   Nov. 30, 1953.]

FLORA STARR, Respondent, v. ROBERT A. STARR, Appellant.

Sugarman & Bernheim for Appellant.

Thomas Pierce Rogers for Respondent.

PEEK, J.—This is an appeal by the defendant from three orders of the trial court: (1) For support of the minor child of the parties pendente lite and attorney's fees; (2) for attorney's fees on appeal, and (3) for support of the child pending appeal. Since the appeals were predicated upon the same grounds the parties have stipulated that they should be treated as one appeal.

The pertinent facts (and they are not contradicted) are that in 1949 the plaintiff secured a decree of divorce from the defendant in the State of Nevada. Under the terms of that decree she was awarded the custody of the minor child of the parties, then aged approximately 5 years, and the defendant was ordered to contribute the sum of $25 per month for the support of the child. Thereafter the plaintiff and the child became domiciled in Sonoma County of this state and ever since have resided in that county. On February 23, 1951, the plaintiff filed an action in the superior court of said county entitled "Complaint for Child Support" in which she sought additional sums for the support of said child. The defendant father was personally served with a copy of the complaint and the order to show cause why he should not be ordered to pay a reasonable sum for the support of the child, attorney's fees and court costs. The complaint alleged the previous divorce and custodial decree of the Nevada court; that the child and plaintiff were residents of this state; that the defendant was a resident of the State of Pennsylvania, and that by reason of the changed circumstances of the child and of the parties, additional sums should be awarded for her support. The defendant appeared specially and moved that the action be dismissed upon the ground that he was not subject to the jurisdiction of the courts of this state in that he was not a resident thereof. A further ground which was argued at that time, that is, his immunity from service by reason of the provisions of the Soldiers and Sailors Relief Act is not raised on appeal. After oral argument on his motion and the submission thereof, the court denied the same and ordered the defendant to pay the sum of $75 per month to plaintiff for the support of said child. Attorney's fees were also awarded as were plaintiff's costs. Upon defendant's taking this appeal a further order was made ordering defendant to pay additional sums as attor-

ney's fees and costs. It is from these orders that defendant now appeals.

Two conditions are raised, (1) that the complaint does not allege facts sufficient to state a cause of action, in that it seeks to modify a decree of another state for child support—the defendant not being a resident of the State of California—and (2) that the orders were improper and are in violation of the Fourteenth Amendment of the Constitution of the United States, in that they were entered without due process and abridged the privileges and immunities of a citizen of the United States.

In support of his contention defendant states that although he has found no case directly in point in this state the case of *Yarborough* v. *Yarborough,* 290 U.S. 202 [54 S.Ct. 181, 78 L.Ed. 269, 90 A.L.R. 924], controls the question so raised. In that case the order settling the obligation of the father to support his daughter was in accordance with a Georgia statute providing that in case of total divorce the court could make permanent provision for the support of a minor child and thus fix the extent of the father's obligation of support. No such provision is involved in the present proceeding. The Nevada statutes in this regard (§ 9462 N.C.L. as amended in 1947) are substantially the same as Civil Code section 138 of this state, which gives a continuing jurisdiction to modify or vacate a prior award of support. In other words, the holding in the Yarborough case, dependent as it is upon the peculiar Georgia statute, does not preclude either the continuing or the concurrent jurisdiction of two or more courts.

As stated in the case of *Sampsell* v. *Superior Court,* 32 Cal.2d 763 [197 P.2d 739] : "In the interest of the child, there is no reason why the state where the child is actually living may not have jurisdiction to act to protect the child's welfare, and there is likewise no reason why other states should not also have jurisdiction." The court further cited with approval the opinion of Mr. Justice Cardozo in the case of *Finlay* v. *Finlay,* 240 N.Y. 429 [148 N.E. 624, 40 A.L.R. 937], wherein it was held that "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless." In summary, our Supreme Court, in the Sampsell case, held that "if the decrees of California courts with respect to child custody are subject to modification

or annulment in this state, they are likewise subject to modification or annulment in any state having jurisdiction over the subject matter, for such a decree 'has no constitutional claim to more conclusive or final effect in the State of the forum than it has in the State where rendered.' " (*New York* v. *Halvey*, 330 U.S. 610 [67 S.Ct. 903, 91 L.Ed. 1133].)

█ If in purely custodial proceedings there is no reason why the state of the child's residence lacks jurisdiction to protect its welfare, and if the original decree has no constitutional claim to conclusiveness, then this court can perceive no reason for a different rule in matters of support.

We find nothing in support of appellant's second contention to warrant this court in interfering with the order of the trial court. His contention in this regard is simply that the Superior Court of Sonoma County has imposed upon him a burden which neither the Legislature nor the courts of this state had jurisdiction to impose.

█ The order of the trial court herein increasing the amount originally awarded to the mother for the care of the child has in no way abridged defendant's privileges or immunities as a citizen of the United States. Such order has imposed no greater burden upon him as a nonresident than that imposed upon residents of this state. █ No parent has a "fundamental right" not to be called upon to support his offspring. (20 Cal.Jur. 415, § 14; Civ. Code, § 196.)

The orders are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1954.