BIGELOW and others, Appellants, vs. TOWN OF WASHBURN and another, Respondents.

SAME, Respondents, vs. SAME, Appellants.

*February 11 — March 1, 1898.*

| | |
|---|---|
| 98 | 553 |
| 101 | 121 |
| 98 | 553 |
| 107 | 605 |
| 98 | 553 |
| 109 | 260 |
| 98 | 553 |
| 53 LRA | 833 |

*Appeal: Sufficiency of pleading: Remedy at law: Demurrer* ore tenus*: Equity: Taxation: Interest: Town orders: Presumption as to validity: Highway taxes: Basis of computation.*

1. The objection that the complaint fails to state a cause of action cannot be raised for the first time on appeal.

2. The objection that the plaintiff has an adequate remedy at law cannot be raised by a demurrer *ore.tenus* to the complaint.

Bigelow and others vs. Town of Washburn and another.

3. Where, pending an action in equity to set aside alleged illegal taxes and restrain a levy upon personal property to collect the same, the defendant town made such levy and the plaintiff was obliged to pay the entire amount of the tax to prevent a sale, *it would seem* that the action should not be dismissed on the ground that the plaintiff has an adequate remedy at law, but the court should retain jurisdiction and grant such relief as the changed conditions demand.

4. The levy by a town board of a tax to pay interest on outstanding orders is *held* to have been without authority, in the absence of anything to show that they had ever been presented, or that the holders were threatening suit thereon.

5. In the absence of evidence to the contrary it will be presumed that outstanding orders and bills allowed by a town board of supervisors were for legal obligations, and that it would not be inequitable for the town to pay them.

6. At a special town meeting held July 17 it was voted to levy a tax for highway purposes for that year. The town had theretofore voted to collect the highway taxes in money. *Held*, that such tax was properly computed on the basis of the valuation of the preceding year.

APPEALS from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiffs brought this action in the circuit court for Bayfield county to set aside the taxes levied on their real and personal property for the year 1895, and to restrain defendant's treasurer from levying upon their personal property to collect the same. A temporary restraining order was issued by the court, which was afterwards set aside upon defendant's application. Pending the suit, defendant's treasurer levied upon plaintiffs' personal property for the taxes upon their real and personal property, and, in order to prevent a sale, plaintiffs were obliged to pay the full amount of the tax involved in this suit. Thereupon, and by leave of court, plaintiffs made and filed a supplemental complaint, which contained the allegations of the original complaint, with a statement that their property had been levied upon and the tax paid, and a demand for judgment that

Bigelow and others vs. Town of Washburn and another.

they be reimbursed for that portion of the tax so paid found to be illegal.

An answer was duly served, and the case referred to a referee to report the testimony. Upon the coming in of the referee's report and the opening of the trial, "the defendants objected to the introduction of any evidence under the complaint, for the reason that the plaintiffs have an adequate remedy at law," which was overruled. At the trial it was stipulated that the sum of $7,985.31, levied for railroad fund, was void for the reason that it was levied for railroad aid bonds not earned. The complaint attacked the following levies made by the town, on the ground that they were illegal:

| | | |
|---|---:|---:|
| "Outstanding orders, general fund | $5,749 | 15 |
| Bills allowed, no orders drawn | 4,344 | 41 |
| Outstanding orders, highway funds | 6,396 | 57 |
| Bills allowed, no orders drawn | 218 | 19 |
| Outstanding orders, school fund | 4,400 | 00 |
| Railroad tax | 7,985 | 31 |
| For interest on orders | 1,500 | 00 |
| Excess on highway mill tax | 1,980 | 48 |
| | $32,574 | 11 " |

The court found substantially that the levies for railroad purposes and for interest on outstanding orders were void, and that the other levies were valid, and gave judgment for plaintiffs for $2,136 and costs. This sum, as near as we can ascertain from the defective condition of the record, is that portion of the railroad tax and interest on outstanding orders charged against plaintiffs' property.

Both parties excepted to the findings and have appealed from the judgment.

For the plaintiffs there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the defendants there was a brief by *A. W. McLeod* and *A. M. Warden,* and oral argument by *Mr. McLeod.* To the point that the objection that the complaint does not

state a cause of action is available at any stage of the proceeding, they cited 6 Am. & Eng. Ency. of Law, 373, 380;. *Harris v. Harris*, 10 Wis. 467.

BARDEEN, J.  The point is made that the amended complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege the filing of a claim with the town clerk to be laid before the town board of audit, as required by sec. 824, R. S. 1878.  The objection is first raised in this court.  No demurrer was filed to the complaint; no objection that was available to defendant was taken at the trial; and no plea in abatement was interposed.  Under repeated decisions of this court, the failure to make timely objections in the manner indicated is an effectual waiver of the right to insist upon this objection.  *Jaquish v. Ithaca,* 36 Wis. 108; *Sheel v. Appleton*, 49 Wis. 125; *Collette v. Weed,* 68 Wis. 428; *Lombard v. McMillan*, 95 Wis. 627.

The objection made at the trial that the plaintiffs had an adequate remedy at law is equally unavailable.  Such an objection must be taken by demurrer or answer on that ground, or it is waived.  A demurrer *ore tenus* is not available.  *Meyer v. Garthwaite*, 92 Wis. 571; *Sweetser v. Silber*, 87 Wis. 102.' Even if this were not so, this would seem to be a proper case to invoke the rule that when a defendant in a bill in equity disenables himself, pending the suit, to comply with an order· for the specific relief sought, the court will retain jurisdiction, and grant such relief as the changed conditions seem to demand.  See *Leonard v. Rogan*, 20 Wis. 540; *Hopkins v. Gilman*, 22 Wis. 476; *Combs v. Scott*, 76 Wis. 662; *Cole v. Getzinger*, 96 Wis. 559; *Milkman v. Ordway*, 106 Mass. 232.

The court found that the items in the levy for "railroad tax" and "interest on outstanding orders and bills" were illegal and void.  The first item was admittedly bad, under the ruling of this court in *Keystone Lumber Co. v. Bayfield*, 94 Wis. 491, as being a levy to pay bonds not yet issued.

The second item was included in the levy pursuant to a reso-
lution of the town board to pay interest on all town orders
issued prior to December 15, 1893, at six per cent., upon con-
dition that the holders of the same would file with the clerk
a written guaranty that they would not put the orders into
judgment. Town orders are not negotiable instruments. R. S.
1878, sec. 1675. A town is not liable for an order drawn on
its treasurer until after demand and refusal of payment.
*Packard v. Bovina,* 24 Wis. 382. Such orders do not bear in-
terest in the absence of statute. 2 Beach, Pub. Corp. § 880;
*Snyder v. Bovaird,* 122 Pa. St. 442. The proceeding adopted
by the town board was in no sense an attempt to compromise
town indebtedness. So far as the evidence in this case shows,
we are left in the dark as to whether the orders upon which
interest was to be paid had ever been presented for pay-
ment, or whether the holders were threatening suit or not.
Such being the state of the record, we hold that there was
absolutely no authority on the part of the town board to
make the levy in question, and the finding of the trial judge
was correct.

Complaint is made that the levies for outstanding orders
and bills allowed were illegal. The poverty of the evidence
with reference to these items is significant. So little, in
fact, appears with reference to these claims, that counsel are
driven to say that, as to outstanding orders, they were either
covered by the levy for the preceding year or were issued
in excess of the levy. There is the same dearth of evidence
relating to the levy for bills allowed. We are left to infer
that these levies are void, because they happen to be unfort-
unately christened. Equity will not grant relief upon any
such doubtful or uncertain basis. In absence of evidence to
the contrary, the court is bound to presume that the orders
and bills mentioned were legal obligations, and that it would
not be inequitable for the town to pay them. The decision
of this court in *Hixon v. Oneida Co.* 82 Wis. 515, and other

cases, substantially establish this doctrine, and there is absolutely no reason shown in this case why the plaintiff should not be bound by it.   The same is true as to the levy for outstanding school orders and highway orders.   So far as we are advised by the evidence, all of these orders were valid, subsisting obligations of the town.   We are bound to presume that they were issued by legal authority and upon a sufficient consideration, in absence of proof to the contrary. It follows, therefore, that the plaintiffs suffer no hardship in being compelled to bear their share of the burden thus imposed.

Another ground of complaint arises from the manner in which the highway taxes were carried out on the roll by the clerk.   At a special town meeting held July 17, 1895, it was voted to raise a five-mill tax for highway purposes for that year.   The clerk computed the amount of such tax upon the assessed valuation of the property of the town for the year 1894, which was $1,827,334, and carried it into the roll of 1895.   The assessed valuation of the town for 1895 was $1,479,734; so that, upon the plan adopted by the clerk, upon the latter valuation the tax amounted to six and one-third mills.   The town had theretofore voted to collect the highway taxes in money.   The plan adopted by the clerk seems to have been in accord with the decision of this court in *Hebard v. Ashland Co.* 55 Wis. 145, where it was said: " The statute evidently contemplates that such tax should be computed upon the basis of the valuation of the previous year.   This kind of tax is required to be levied on or before the second Monday of May in each year, and the tax roll of that year has not yet been made, and the assessment has not yet been corrected and perfected by the board of review, which sits on the last Monday of June."   It is a fact quite notorious, and made manifest from the testimony herein, that town assessments vary largely from year to year (in this case nearly $400,000); and it seems very proper

to adopt a construction that will enable both the electors and the town board to know positively whether the amount voted for highway purposes is likely to exceed the limit fixed by R. S. 1878, sec. 1240.

This disposes of the objections raised by both parties, and it follows therefrom that the decision of the trial judge was correct.

*By the Court.*— The judgment of the circuit court is affirmed on both appeals.