[Civ. No. 17241.   Second Dist., Div. Two.   Dec. 8, 1949.]

ARTHUR HENRY COLUMBUS FALCONER, Appellant, v.
ELEANOR WINIFRED HERNANDEZ FALCONER,
Respondent.

Frank Aspinwall for Appellant.

Levy, Bernard & Jaffe for Respondent.

WILSON, J.—This is an action for divorce.  Plaintiff, in
his amended complaint, alleged that the minor children of
the parties were in the care and custody of defendant in
Mexico City, Mexico; that for a long time he had been paying
for their support $45 American money on the 10th, 20th and
last day of each month; that he was willing and agreed to
continue such payments, and agreed that defendant have and
retain the custody and care of the children until further
order of the court should become necessary by reason of
changed circumstances.

The complaint, summons and amended complaint were de-
livered to defendant in Mexico City.  She filed in the action
an appearance and waiver, reciting that she had received
copies of said documents; that she had read and understood
their contents, and entered her appearance in the action and
requested that it be heard as a default matter.  The action was
so heard.  An interlocutory judgment of divorce was entered
on January 9, 1947, adjudging that defendant have the
custody of the children and that plaintiff pay to defendant
for their support the sums which he agreed in his pleadings

to pay. The final judgment of divorce was entered on February 10, 1948.

On October 18, 1948, plaintiff filed an affidavit requesting a modification of the decree by striking therefrom that portion granting custody of the children to defendant and requiring plaintiff to pay for their support. After the issuance of an order to show cause, based on the affidavit, defendant filed a motion for the payment of her costs and attorney's fees in defending against the order to show cause, together with an affidavit reciting that plaintiff was in arrears in the payment of the support of the children as ordered by the court. An order was issued directing plaintiff to show cause why he should not be adjudged in contempt for having failed to make such payments.

Upon the hearing of the two orders to show cause plaintiff's motion to vacate portions of the judgment was denied. The court found plaintiff to be in arrears in the sum of $1,350 and modified the order for support so as to direct him to pay to defendant the sum of $50 per month for the support of the children in addition to the delinquent amount.

Plaintiff has appealed from the order requiring him "to make certain payments to the defendant for the support of the parties' minor children living in the country of Mexico."

Since plaintiff has not appealed from the order insofar as it denies his motion to strike from the decree that portion awarding custody of the children to defendant need not be discussed.

Plaintiff contends that since defendant and the minor children were domiciled outside the State of California and at no time were personally within this state, the court was without jurisdiction to require him to contribute to their support. In his pleadings he expressly agreed to continue payments for such purpose.

Relying on his agreement, defendant voluntarily filed her appearance in the action and consented that the cause be heard as a default. Seven days after entry of the final decree plaintiff accepted the judgment and acted upon it by remarrying. By reason of (1) his consent to support the children, as expressed in his pleadings, which may be presumed to have been one of the inducements for defendant's voluntary appearance in the action, and (2) his accepting the fruits of the judgment by remarrying, he is estopped from objecting to the judgment which embodied his agreement. When a plaintiff invokes the jurisdiction of a court of this state to determine the question

of custody and support of his children he may not thereafter deny that the court has jurisdiction to make an order upon the subject presented by his own pleadings. (*Maloney* v. *Maloney*, 67 Cal.App.2d 278, 279 [154 P.2d 426].)

Order affirmed.

Moore, P. J., and McComb, J., concurred.