[Civ. No. 34402.  Second Dist., Div. One.  Dec. 23, 1969.]

JOSEPH R. MIKULSKI, Plaintiff and Respondent, v.
PATRICIA MIKULSKI, Defendant and Appellant.

## Counsel

Robert Dale Heron for Defendant and Appellant.

Bell, Duitsman & Margulis and Roger G. Duitsman for Plaintiff and Respondent.

## Opinion

**LILLIE, J.**—Plaintiff husband sued defendant for divorce alleging that their two minor children reside with defendant in Michigan and that $30 per week is a reasonable sum to pay for child support,[1] and praying for a divorce, award of child custody to defendant and for an order that he continue making child support payments of $15 per week for each child. Plaintiff obtained an order for publication of summons and complaint, and filed affidavit of service by mail on defendant and declaration of publication of summons. Defendant did not appear and her default was entered; plaintiff personally appeared at the hearing and an interlocutory decree of divorce was entered March 22, 1965. The judgment in part provides for an award of child custody to defendant and an order requiring plaintiff to pay $15 per week per child. The final decree incorporating the provisions of the interlocutory judgment was entered February 28, 1966.

On June 24, 1968, defendant filed application for issuance of writ of execution setting up plaintiff's default of $3,060 in child support payments since July 5, 1966. Plaintiff moved to quash writ of execution and restrain further levy on the ground the court had no jurisdiction to make the child support order and the only effective order in the judgment was that granting

---

[1] Defendant wife had previously brought an action in Michigan under the Reciprocal Enforcement of Support Law; thereunder plaintiff was ordered to pay $30 per week for child support.

the divorce. The motion was granted on the sole finding "that judgment for child support was made without in personam jurisdiction." Defendant wife appeals from the order.

Appellant's sole claim is that the superior court had *in personam* jurisdiction over plaintiff and the power to render a personal judgment against him. Apropos is the court's statement in *Maloney* v. *Maloney,* 67 Cal.App. 2d 278 [154 P.2d 426]: "In other words, plaintiff invokes the jurisdiction of the superior court of this state to adjudicate his grievance and to determine the question of the custody of his children and then denies that the same court has jurisdiction to make an order upon the subject presented by his own pleading. In this he is altogether out of line with the traditional concept of justice, of the powers of courts whose aid he seeks and of the rights of his adversary whom he has charged as unfaithful to her obligations. . . .

"The order awarding Mrs. Maloney the custody of her children and requiring her husband to provide for their support is a proper and correct judgment." (Pp. 279-280.) In *Maloney,* as here, plaintiff husband sued for divorce praying for joint custody and an order directing him to pay child support; personal service was had on defendant who filed a cross-complaint for divorce seeking custody and child support. Plaintiff then left the state with the children taking up residence in Nevada absenting himself from trial. Judgment was entered on the cross-complaint; plaintiff appealed from the award of custody and order of child support on the ground the court had no jurisdiction to make them. The court held that by the very act of commencing his action plaintiff submitted himself to the jurisdiction of the court and the court thereafter had the power to enter an effective judgment for or against him *in personam.* Plaintiff cannot question the jurisdiction which by his own act he conferred. (P. 280.)

Very like the situation herein is *Falconer* v. *Falconer,* 95 Cal.App.2d 4 [212 P.2d 5]. Plaintiff husband filed complaint for divorce against defendant who was domiciled with the children in Mexico, alleging that defendant retain custody and that he had been paying $90 per month child support which he was willing and agreed to continue. Summons and complaint were delivered to defendant in Mexico; she filed an appearance and waiver requesting the matter be heard as a default. Thus in accord with the prayer of his complaint an order was made requiring plaintiff to support the children. Later he sought to have the support provision stricken. Said the court at pages 5-6: "Plaintiff contends that since defendant and the minor children were domiciled outside the State of California and at no time were personally within this state, the court was without jurisdiction to require him to contribute to their support. In his pleadings he expressly agreed to continue payments for such purpose.

"Relying on his agreement, defendant voluntarily filed her appearance in the action and consented that the cause be heard as a default. . . . When a plaintiff invokes the jurisdiction of a court of this state to determine the question of custody and support of his children he may not thereafter deny that the court has jurisdiction to make an order upon the subject presented by his own pleadings. (*Maloney* v. *Maloney,* 67 Cal.App.2d 278, 279 [154 P.2d 426].)"

Respondent says that in *Maloney* and *Falconer* the court had jurisdiction over both parties and argues that the court must have had personal jurisdiction over defendant wife to render a valid personal judgment against him, citing *Dolgoff* v. *Dolgoff,* 81 Cal.App.2d 146 [183 P.2d 380]. In *Dolgoff* the court had personal jurisdiction over both parties in the original divorce action but there is nothing in the case that supports the contention that to render a personal judgment against one party the court must have *in personam* jurisdiction over the other. In *Dolgoff,* plaintiff husband, who had obtained a divorce, appealed from an order for child support later obtained by defendant wife, contending that the court was without jurisdiction to award child support since defendant and the child resided in Nevada. The case actually held that the state of domicile of the father has subject matter jurisdiction over an action for support even though the child is neither domiciled nor physically present in the state.

Here upon completion of publication of summons the court acquired jurisdiction of the parties (§ 416, Code Civ. Proc.). The requirement of personal service of a party is only necessary if a personal judgment is sought "*against* such person" (§ 417, Code Civ. Proc. [italics added]); and no personal judgment was either sought or rendered against defendant wife. In rejecting various cases, including *Boens* v. *Bennett,* 20 Cal.App.2d 477 [67 P.2d 715], relied on herein by respondent, as not pertinent, the court in *Maloney* v. *Maloney,* 67 Cal.App.2d 278 [154 P.2d 426], commented that "either no personal service was ever had upon the party *against* whom the appeal judgment had been entered" (italics added) or some other factor was involved. (P. 281.) Further, the court stated: "By his very act in commencing the action plaintiff submitted not only himself to the jurisdiction of the court but also the res, that is, his status as husband and as father. The court thereafter had the power to enter an effective judgment for him or against him, *in personam,* relative to any substantial allegation of the pleadings." (P. 280.) It is readily apparent that jurisdiction to make the order depended not on any personal jurisdiction over defendant wife but on the court's jurisdiction over plaintiff husband. The court's chief concern was whether the court had *in personam* jurisdiction over him inasmuch as he left the state before the hearing; it held that his physical departure did not alter the jurisdiction of the court. Nor was *in personam*

jurisdiction over defendant wife the material factor in *Falconer* v. *Falconer,* 95 Cal.App.2d 4 [212 P.2d 5]; her appearance and waiver were important only to show her satisfaction with and consent to plaintiff's proposal and agreement to pay child support, reliance thereon in permitting the default hearing and plaintiff's estoppel. The same reliance is here present.

Plaintiff alleged he wanted to continue child support payments of $30 per week as per the order made under the Reciprocal Enforcement of Support Law, and prayed for an order requiring him to continue such payment. It is apparent that defendant defaulted relying upon plaintiff's proposed judgment. The same element of consent, reliance and estoppel in *Falconer* is found here.

By filing his action for divorce in the California court plaintiff husband placed before the court the issue of the dissolution of the marriage and the support of the minor children, and submitted himself and his status as husband and father to the jurisdiction of the court with respect to his cause of action. Plaintiff was personally before the court which had *in personam* jurisdiction over him thus the power to render a personal judgment against him.

The order is reversed.

Wood, P. J., and Thompson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 18, 1970.