Filed 3/30/23  Gill v. Royal Ruby, Inc. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MANJEET KAUR GILL,<br><br>      Cross-Complainant and Appellant,<br><br>v.<br><br>ROYAL RUBY, INC.,<br><br>      Cross-Defendant and Respondent. | A165206<br><br>(Alameda County<br>Super. Ct. No. RG17867701) |

Appellant Manjeet Kaur Gill appeals from the denial of her motion for leave to file an amended cross-complaint adding her as a party to the action. We reverse the order of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2017, plaintiffs Daljit Gill (by and through his guardian ad litem Jasbir Gill) and Jasbir Gill filed a complaint against Royal Ruby, Inc. (Royal Ruby), Stevenson Ventures LLC (Stevenson Ventures), and Amritpal Singh alleging numerous causes of action, such as for negligence, premises liability, loss of consortium, and battery.  In short, plaintiffs alleged that: Daljit attended a wedding reception in May 2017 for Sukhchain and Manjeet

Gill[1] (no relation to plaintiffs) at a property owned and operated by Royal Ruby and Stevenson Ventures; Royal Ruby and Stevenson Ventures failed to provide adequate security; and in the venue's parking lot—also owned and operated by Royal Ruby and Stevenson Ventures—Daljit was attacked by other guests, including Amritpal Singh.

Royal Ruby filed a cross-complaint against Sukhchain seeking indemnity and alleging that Sukhchain was negligent in selecting and supervising the guests at his wedding reception.

In April 2019, Sukhchain and appellant filed a cross-complaint against Royal Ruby, alleging causes of action for breach of contract, common counts, intentional misrepresentation, concealment, and promissory fraud. In sum, the Gills alleged that Royal Ruby failed to provide security as agreed and paid for, resulting in uninvited guests crashing their wedding reception, fighting, and ruining their wedding day. The Gills sought roughly $30,000 in damages, punitive damages, and attorneys fees. Attorney Swapna Anthoor represented the Gills in filing this cross-complaint, which was not served on cross-defendant Royal Ruby.

In May 2019, Anthoor filed a first amended cross-complaint on behalf of both of the Gills as cross-complainants, alleging the same causes of action but removing the cause of action for common counts and the request for punitive damages. Like the previous pleading, the first amended cross-complaint was not served on Royal Ruby.

In September 2019, Anthoor filed a second amended cross-complaint naming only Sukhchain as a cross-complainant. This cross-complaint alleged

---

[1] For the sake of brevity and clarity, we will hereafter refer to Sukhchain Gill by his first name only. We will refer to his wife, Manjeet Gill, as appellant, and we will sometimes refer to them collectively as "the Gills."

three causes of action for breach of written contract, implied contractual indemnity, and unfair business practices (Bus. & Prof. Code, § 17200). The second amended cross-complaint was in fact served on cross-defendant Royal Ruby, which filed an answer to it.

In April 2021, Anthoor filed substitution of attorney forms indicating that both Gills were cross-complainants and that they would be representing themselves. In June 2021, attorney John Kithas filed forms substituting himself in as the attorney for the Gills. The Gills signed these forms.

In September 2021, Kithas filed an ex parte application for an order shortening time for notice and a hearing on a motion seeking leave to file a third amended cross-complaint on behalf of both Gills. Specifically, the proposed third amended cross-complaint would add appellant back into the action as a cross-complainant to the existing causes of action for breach of contract and unfair business practices, and would allege a new cause of action on behalf of her and Sukhchain for negligent infliction of emotional distress and a prayer for punitive damages to that cause of action and the first cause of action for breach of contract. It would also add a " 'tort of another theory' " of recovery to the existing second cause of action for implied contractual indemnity brought on behalf of Sukhchain alone and would additionally clarify the contract-related allegations related to both written and oral contractual terms.

Royal Ruby opposed the application for an order shortening time, and the trial court denied it. In the same order, the court re-set the trial date from October 18, 2021 to April 4, 2022.

In December 2021, Kithas filed a memorandum on behalf of the Gills in support of their motion to amend the cross-complaint. Citing Code of Civil

Procedure sections 473, subdivision (a)(1) and 576,[2] Kithas contended the trial court should permit the amendment because prior counsel Anthoor removed appellant from the second amended cross-complaint without the Gills' knowledge or approval. Kithas said he discovered this in August 2021 when Royal Ruby mentioned that appellant was not a party. Accompanying the memorandum was a declaration from prior counsel, Anthoor, who stated that she named the Gills as cross-complainants in the original and first amended cross-complaints. Anthoor explained she did not "caution" either Sukhchain or appellant that she intended to remove appellant as a cross-complainant from the second amended cross-complaint; nor did she obtain permission from either of the Gills to do so.[3]

Royal Ruby filed opposition objecting to all of the proposed amendments. The trial court heard argument on the motion and permitted the parties to file supplemental briefs, then took the matter under submission on January 10, 2022. Ultimately, the court denied the request for leave to add appellant as a cross-complainant, but it granted the requests for leave to add and modify Sukhchain's claims, and continued the trial date to October 2022 to provide time for discovery on the amended claims.

With regard to appellant, the trial court began by observing that there was nothing in the record indicating the Gills ever served their original and first amended cross-complaints on Royal Ruby, and that service was completed after Anthoor filed the second amended cross-complaint naming only Sukhchain. Indicating that such filing and service effectively dismissed

---

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]    The Gills did not submit declarations of their own in support of this motion.

4

appellant and her claims against Royal Ruby from the action, the court found that the statute of limitations had since run on appellant's claims and that the relation-back doctrine did not apply "because [appellant] was previously named as a cross-complainant, and then was removed from the action by way of amendment." The court commented there was no indication that counsel acted unintentionally or by mistake.[4]

The trial court also rejected two contentions raised for the first time in the Gills' supplemental briefs. First, the court rejected the argument that because Sukhchain did not seek leave of court to file the second amended cross-complaint, the case "should be deemed to rest" upon the first amended cross-complaint which had included appellant as a party. Because the second amended cross-complaint appeared to be the only pleading actually served on Royal Ruby, which did not object to it and instead answered it, the court declined to deem that pleading invalid based on Sukhchain's last-minute objection. Second, the court also rejected the argument that appellant should be permitted to move to intervene. (§ 387.)

The Gills filed a notice of appeal. Appellant alone filed an opening brief.

## DISCUSSION

### A. Appealability

Initially, we address the parties' dispute over the appealability of the order denying leave to amend as to appellant's claims. Appellant contends the order is appealable because it removed her entirely from the action.

---

[4]     In its order, the trial court noted that appellant "did not bring the request to amend under Code of Civil Procedure section 473." Our review of appellant's memorandum in support of her motion indicates the court was mistaken on this point. In any event, it appears the court did not rely on this code section as a basis for denying the motion.

5

Royal Ruby contends otherwise because, in its view, appellant was never a party in the first place since she was not named as a party in the only cross-complaint ever served on it. As such, Royal Ruby urges, the exception to the one final judgment rule—i.e., when there are multiple parties and a judgment is entered as to one party leaving no issues to be determined as to that party—does not apply.

Section 904.1, subdivision (a), embodies the one final judgment rule, which bars an appeal from an interlocutory judgment that " 'disposes of *fewer* than all of the causes of action framed by the pleadings' " and is " 'not yet final, as to any parties between whom another cause of action remains pending.' " (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101.) However, when there are multiple parties and a judgment is entered as to a party, that party may appeal if the judgment "leav[es] no issues to be determined" involving the party. (*Buckaloo v. Johnson* (1975) 14 Cal.3d 815, 821, fn. 3.)

"A party is a person named as a party to an action and subjected to the jurisdiction of the court. [Citations.] A person is not subjected to the jurisdiction of the court until summons has been served or they have made a general appearance." (*Moffett v. Barclay* (1995) 32 Cal.App.4th 980, 982–983.) "A general appearance occurs where a party, either directly or through counsel, participates in an action in some manner which recognizes the authority of the court to proceed. It does not require any formal or technical act." (*Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750, 1756.)

Here, it is undisputed that the Gills never served Royal Ruby with the original and first amended cross-complaints naming appellant as a cross-complainant. But in filing these cross-complaints with the trial court, appellant was clearly participating in a manner that recognized the authority of the court to proceed. (*Mikulski v. Mikulski* (1969) 2 Cal.App.3d 1047, 1049

6

["by the very act of commencing his action plaintiff submitted himself to the jurisdiction of the court and the court thereafter had the power to enter an effective judgment for or against him *in personam*"].) As such, appellant was—at least at one point—a party. And because the trial court's order barred appellant from being added back to the cross-complaint as a party, there were no issues remaining to be decided regarding her. Thus, that order was appealable. (Cf. *Kuperman v. Great Republic Life Ins. Co.* (1987) 195 Cal.App.3d 943, 946–947 (*Kuperman*) [order striking third amended complaint, which operated to remove a party from the case, left no issues to be determined as to that removed party and so was appealable]; *Mesa Shopping Center-East, LLC v. O Hill* (2014) 232 Cal.App.4th 890, 898–899 [order denying request to vacate dismissal "constituted the final determination of the issues" and was appealable].)

### B. The Order Denying Leave to Add Appellant to the Third Amended Cross-Complaint

Appellant contends the trial court erred in denying her motion for leave to be added back as a party to the cross-complaint.

Section 473, subdivision (a)(1), provides: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . ." (See also § 576.) "It is well established that 'California courts have "a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others." ' " (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163.)

7

The question here is whether the trial court abused its discretion in denying leave to amend on the grounds that: appellant and her claims against Royal Ruby were "dismissed" from the action; her claims were time-barred at the time the subject amendments were proposed; and the relation-back doctrine does not apply when a previously named cross-complainant is removed from a cross-complaint by way of an amendment.

          *1. Appellant's Omission or "Dismissal" from the Cross-Complaint*

Neither party points to authority squarely on point as to the effect of an amended complaint or cross-complaint that omits a previously named plaintiff or cross-complainant, in particular where the original pleading was never served on a named defendant or cross-defendant but the defendant or cross-defendant was never dismissed and properly remains a party in the cross-action. We have found no such authority. That said, there are two rules that appear to warrant consideration here. First, " '[i]t is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) Second, "an amended complaint which omits previously named defendants operates as a dismissal of those defendants without prejudice." (*Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188, 1193; *Kuperman, supra,* 195 Cal.App.3d at p. 947.)

These particular rules do not directly aid Royal Ruby because there is no dispute that Royal Ruby was a named cross-defendant in all versions of the cross-complaint and has never been omitted or dismissed from the cross-action. The trial court did not focus on this circumstance but instead, relying on *Foreman* and *Kuperman*, determined that the second amended cross-complaint effectively dismissed *appellant* as a party from the action because it did not name her as a cross-complainant. Because appellant was

previously named as a cross-complainant, then removed by way of an amendment, the court determined that "the relation-back doctrine does not apply."

The trial court cited no precedent holding that the relation-back doctrine is unavailable in the circumstances here, but that is not surprising. Given the "dearth of statutory and decisional law" regarding the propriety of an amended complaint that adds a plaintiff after the statute of limitations has run, the court in *Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468 (*Diliberti*) opted to apply, in part, " 'wrong defendant' " authority in denying a motion to substitute a new "correct plaintiff" in place of a wrongly named plaintiff after the statute of limitations had run. (See *id.* at pp. 1470–1471.) Though *Diliberti* ruled against the plaintiff in the case before it, the decision did not flatly hold that the relation-back doctrine has no application when an omitted plaintiff seeks to be included in an action against a defendant after the statute of limitations has run. Instead, it appeared to acknowledge that the relation-back doctrine could be applicable, but not where the new plaintiff seeks to enforce an independent right. (*Id.* at p. 1471.) We will address *Diliberti* in more detail, *post*.

Because the filing of the second amended cross-complaint did not result in Royal Ruby's dismissal from the cross-action, and because there appears no categorical bar to applying the relation-back doctrine, we shall undertake a more comprehensive analysis of the relation-back doctrine and its potential applicability here.

### 2. The Relation-Back Doctrine

A statute of limitations serves "to protect defendants from the stale claims of dilatory plaintiffs. [Citations.] It has as a related purpose to stimulate plaintiffs to assert fresh claims against defendants in a diligent

9

fashion. [Citations.] Inasmuch as it 'necessarily fix[es]' a 'definite period[] of time' [citation], it operates conclusively across the board, and not flexibly on a case-by-case basis." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395.) Plaintiffs must bring their causes of action within the applicable limitations period after accrual of their claims. (*Id.* at p. 397.) Generally, a cause of action accrues " 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' " (*Ibid.*)

In this case, there is no dispute that the Gills' wedding reception in May 2017 marked the accrual date of appellant's proposed claims for breach of contract, unfair business practices, and negligent infliction of emotional distress. It is also undisputed that four years was the outermost limitations period for any of the claims appellant sought to assert. (See §§ 335.1, 337, 339; Bus. & Prof. Code, § 17208.) Consequently, at the time the Gills moved to file the third amended cross-complaint in September 2021, appellant's claims were time-barred unless they related back to the original cross-complaint, which named her as a party. On this score, appellant argues the trial court erroneously rejected application of the relation-back doctrine because "the nature of the action remains unchanged." We first examine the applicable law.

"An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not 'relate back' to an earlier timely-filed complaint. Under the relation-back doctrine, an amendment relates back to the original complaint if the amendment (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality." (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 276.) "The relation-back doctrine typically applies where an amendment identifies

10

a defendant previously named as a Doe defendant [citation] or adds a new cause of action asserted by the same plaintiff on the same general set of facts. [Citations.] An amended pleading will also relate back if it makes a mere technical change in the capacity in which the plaintiff sues on the same cause of action [citations] or substitutes a plaintiff with standing in place of a plaintiff who lacks standing. [Citations.] [¶] *In contrast, an amended pleading that adds a new plaintiff will not relate back to the filing of the original complaint if the new party seeks to enforce an independent right or to impose greater liability against the defendants.*" (*San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1549–1550 (*SDG&E*), italics added.)[5]

Case law is illustrative. In *SDG&E*, heirs of soldiers who died in a helicopter accident involving utility lines sued the utility company. (*SDG&E, supra,* 146 Cal.App.4th at p. 1548.) More than two years later, plaintiffs sought leave to add the widow of one of the deceased soldiers as a plaintiff. (*Ibid.*) The trial court permitted the amendment, finding the statute of limitations did not bar the widow's claim because the relation-back doctrine applied, and because the utility company knew of the widow's existence and

---

[5] Royal Ruby offers no authority holding that a defendant or cross-defendant must have been served with or have actual knowledge of the timely complaint or cross-complaint and its allegations for the relation-back doctrine to apply. For example, it appears unnecessary for an original timely complaint to have been served on a previously unknown and unnamed Doe defendant for that defendant to be "regarded as a party from the commencement of the suit" for purposes of avoiding a statute of limitations bar. (See *Balon v. Drost* (1993) 20 Cal.App.4th 483, 487.) Indeed, Royal Ruby did not challenge the timeliness of the third amended cross-complaint's proposed amendments to Sukhchain's cross-claims even though the second amended cross-complaint was served on Royal Ruby after certain of the applicable limitation periods had run.

obtained an analysis of her loss of support claim before the limitations period expired. (*Id.* at pp. 1548–1549.) The utility company sought writ relief, prompting the Court of Appeal to examine the specific nature of the widow's proposed wrongful death claim and her proposed addition to the previously filed survivor claim to determine if the relation-back doctrine applied. (*Id.* at pp. 1549–1550.)

With regard to the wrongful death claim, the *SDG&E* court concluded the relation-back doctrine did not apply "[b]ecause each wrongful death claimant must show the nature of his or her loss as a result of the decedent's death, [thus] the addition of an omitted heir to a wrongful death action after expiration of the limitations period as to the omitted heir necessarily inserts a new cause of action that seeks to enforce an independent right." (*SDG&E, supra,* 146 Cal.App.4th at pp. 1552–1553.) In rejecting the plaintiff's argument that "a perceived lack of prejudice" to the utility company could justify failure to comply with the limitations period, the *SDG&E* court held that "*a statute of limitations cannot be excused on the ground of lack of prejudice.*"[6] (*Id.* at p. 1553, italics added.)

But notably, the *SDG&E* court concluded the widow was properly added to the survivor claim because her "untimely addition to this cause of action tendered no new claims or issues and [did] not seek to enforce an independent right." (*SDG&E, supra,* 146 Cal.App.4th at p. 1553.) As the court explained, the survival statutes do not create a cause of action; rather,

---

[6] Although the *SDG&E* court found the relation-back doctrine did not apply to the wrongful death claim, the court remanded to permit the plaintiffs to file their proposed third amended complaint based on the plaintiffs' assertion that they could amend the complaint to allege tolling of the limitations period. (*SDG&E, supra,* 146 Cal.App.4th at p. 1553.)

12

they merely prevent the abatement of a decedent's cause of action and provide for its enforcement by the decedent's representative.

In reaching its conclusions, the *SDG&E* court cited to *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526 (*Bartalo*) and *Diliberti, supra*, 4 Cal.App.4th 1468, as two cases illustrating the rule that "a new plaintiff will not relate back to the filing of the original complaint if the new party seeks to enforce an independent right or to impose greater liability against the defendants." (*SDG&E, supra*, 146 Cal.App.4th at p. 1550.)

In *Bartalo*, a lone plaintiff sued a defendant after being injured in a car accident. (*Bartalo, supra*, 51 Cal.App.3d at p. 528.) More than a year later, the plaintiff's husband sought leave to file an amended complaint "naming [him] as an additional plaintiff and adding a second cause of action for loss of consortium." (*Ibid*.) The trial court permitted the amendment and overruled the defendant's demurrer, but the Court of Appeal reversed and ordered the defendant's demurrer sustained on statute of limitations grounds. (*Id*. at pp. 528, 535.)

The *Bartalo* court acknowledged that the rule allowing an amendment to relate back is " 'dependent upon whether recovery is sought on the same general set of facts as those alleged in the original complaint.' " (*Bartalo, supra*, 51 Cal.App.3d at p. 533.) Similar to the court in *SDG&E*, however, the *Bartalo* court reasoned that the husband's loss of consortium claim was "a wholly different legal liability or obligation." (*Id*. at p. 534.) Thus, even though his claim was derivative in the sense that it would not have arisen "unless his wife [had] sustained a personal injury," the court discerned that the claim was "not for her personal injuries but for the separate and independent loss he sustained." (*Ibid*.)

The *Bartalo* court ultimately articulated a rule later echoed in *SDG&E*: "The general rule governing the permissibility of the bringing in of additional plaintiffs after the period of the statute of limitations has elapsed, or of the assertion of the defense of limitations against them, is that where the additional party plaintiff, joining in a suit brought before the statute of limitations has run against the original plaintiff, seeks to enforce an independent right, the amended pleading does not relate back, so as to render substitution permissible or to preclude the defense of the statute of limitations." (*Bartalo, supra*, 51 Cal.App.3d at p. 533, italics omitted.) The *Bartalo* court then provided the following examples illustrating the rule's application: "If a husband and wife were both injured in the same accident and the wife sued but the husband did not, the one-year statute of limitations would run on husband's cause of action, and if he tried to sue after the year had run[,] defendant's demurrer that the claim was barred would be sustained. Surely if wife then tried to amend her complaint to include his cause of action, it would be disallowed." (*Ibid*.)

In *Diliberti*, two sisters were involved in an auto collision; the sister who drove was not injured at all, but the passenger sister suffered injuries and she retained an attorney. That attorney "[a]stonishingly" filed a lawsuit naming the wrong sister as plaintiff and never mentioned his client in the body of the complaint. (*Diliberti, supra*, 4 Cal.App.4th at pp. 1469–1470.) By the time the complaint was served and answered, the limitations period elapsed. (*Id*. at p. 1470.) The trial court denied the attorney's motion to amend and substitute the correct sister in as the plaintiff. (*Ibid*.) The Court of Appeal affirmed, concluding the relation-back doctrine did not apply because "after reading the complaint, one would not even know [the

passenger sister] existed" and the body of the complaint did not "sound[] as a claim for a passenger." (*Id.* at pp. 1470–1472.)

With these cases in mind, we determine whether to apply the relation-back doctrine by examining the specific nature of appellant's proposed addition as a party to the previously filed claims for breach of contract and unfair business practices, as well as the specific nature of the proposed new claim for negligent infliction of emotional distress. Though leave to amend a complaint is " 'entrusted to the sound discretion of the trial court' " (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242), the situation here calls for the application of a legal doctrine to undisputed facts, so we will undertake a de novo review. (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 318.)

We conclude the proposed addition of appellant to the previously filed claim for breach of contract relates back to the original cross-complaint. The original cross-complaint named appellant as a cross-complainant, and it contained allegations that Royal Ruby and both of the Gills entered into a written and oral contract that included a provision for a certain number of security guards at their wedding reception, which Royal Ruby breached. In the portion of the cross-complaint setting out the cause of action for breach of contract, the Gills also alleged the exact amount they paid on the contract, $30,362.45. The re-addition of appellant as a complainant to the breach of contract claim implicates the same set of facts and the same injury, and refers to the same instrumentality, here the breach of the same contract by Royal Ruby. (See, e.g., *Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 149, 151 [illustrating the meaning of instrumentality].)

Turning to the proposed addition of appellant to the previously filed claim for unfair business practices, we again conclude that the proposed

15

amendment relates back to the original cross-complaint. "Business and Professions Code section 17200 et seq. prohibits unfair competition, including unlawful, unfair, and fraudulent business acts." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1143.) In the original cross-complaint, the Gills pleaded a cause of action for "fraud," alleging Royal Ruby made them purchase a "security package" that Royal Ruby knew was inadequate under a conditional use permit issued by the City of Fremont. More specifically, under that permit, Royal Ruby allegedly was required to provide a minimum of 14 licensed security guards for an event the size of the Gills' wedding. Not only did Royal Ruby falsely represent that seven security guards would be enough, it actually provided only two unlicensed security guards. Relying on the same factual allegations, Sukhchain made an unfair business practices claim in the second amended cross-complaint, to which Royal Ruby filed an answer. As is the case with Sukhchain's claim, appellant's unfair business practices claim implicates the same set of facts and the same injury as alleged in the original cross-complaint, and refers to the same instrumentality, i.e., Royal Ruby's alleged unfair and fraudulent act of misrepresenting how many licensed security guards were needed under their conditional use permit, and providing only two unlicensed security guards.

Finally, we turn to the proposed addition of appellant to the claim for negligent infliction of emotional distress. Again, we conclude that the proposed amendment relates back to the original cross-complaint. In the proposed third amended cross-complaint, both Sukhchain and appellant would allege that Royal Ruby agreed to provide adequate security at their wedding reception and undertook a duty to provide due care. Royal Ruby allegedly breached that duty, and thereby caused the Gills to suffer severe

16

emotional distress.  Although the Gills did not specifically allege a cause of action for negligent infliction of emotional distress in the original cross-complaint, the two pleadings contain materially similar factual allegations. As recounted above, the original cross-complaint alleged that Royal Ruby committed fraud against both appellant and Sukhchain, by either intentionally or negligently falsely representing that seven security guards were needed, while knowing this number of security guards was inadequate under the conditional use permit.  These falsehoods, the Gills alleged, resulted in damages which included *their* wedding reception being "ruined and their wedding day . . . permanently associated with a violent assault." Reasonably viewed, these prior allegations implicate the same alleged conduct underlying the proposed claim for negligent infliction of emotion distress.  Indeed, Royal Ruby does not contend the trial court erred in apparently applying the relation-back doctrine to allow Sukhchain to assert this proposed claim, and there appears no basis for distinguishing between Sukhchain and appellant on this point.  Because the proposed amendment involves the same set of facts and the same injury, and refers to the same instrumentality as in the original cross-complaint—i.e., Royal Ruby allegedly contracting with the Gills to provide seven security guards despite a conditional use permit requiring 14 security guards, and then breaching the agreement by only providing two unlicensed security guards—the relation-back doctrine applies.

In addition to the foregoing, it does not appear that adding appellant's claims in the third amended cross-complaint would impose greater liability against the defendants than they would have been exposed to in the original cross-complaint.  In the original cross-complaint, the Gills' prayer requested: judgment for costs of suit; any relief that is fair, just and equitable; the

contract price of $30,362; attorney fees according to proof; and punitive damages. With regard to the fraud claim made in the original cross-complaint, to which the claim for negligent infliction of emotional distress relates back, the Gills did not allege a specific damages amount but they instead indicated the lack of security ruined their wedding reception and now their wedding day is associated with a violent assault. The proposed third amended complaint asked in essence for the same relief as requested in the original cross-complaint, such as the contract price of $30,362; attorney fees; and other legal and equitable relief as the court deems just and proper "including recovery for emotional distress suffered by [the Gills] and the imposition of punitive damages." Because appellant was a named cross-complainant in the original cross-complaint, damages for her alleged emotional distress were already part of the relief the Gills requested.

Because *SDG&E*, *Bartalo*, and *Diliberti* were not cited in the moving papers, and neither was *Balon* (see *ante*, fn. 5), we asked for supplemental briefing to give the parties an opportunity to address their potential impact on this case.

Rather than address or distinguish these decisions, Royal Ruby contends the relation-back doctrine cannot apply in this case because "there is no tolling or relation back for a Cross-Complaint filed by one named defendant against another, even if it relates to facts pleaded in the Complaint." In support of its position, Royal Ruby cites several cases holding that, while the filing of a complaint suspends or tolls the statute of limitations as to causes of action that may be raised by a defendant against the plaintiff arising out of the same facts in the complaint,[7] such filing does

---

[7] The principle underlying this rule is that, by filing the complaint, a plaintiff is waiving the statute of limitations and permitting the defendant to make all proper defenses to the causes of action pleaded. (*Western Pipe &*

18

not toll the statute of limitations for parties who file cross-actions against codefendants or new parties. (E.g., *Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 69–70; *Trindade v. Superior Court* (1973) 29 Cal.App.3d 857, 859–860; *Western Pipe & Steel*, *supra*, 63 Cal.App.2d at p. 31.)

Royal Ruby's contention and cases are off the mark. Appellant is not arguing that the applicable limitation periods were tolled by the filing of the original complaint by Daljit and Jasbir Gill. Rather, appellant contends her proposed claims relate back to her own original or first amended cross-complaint against Royal Ruby, which has always been a party to the cross-action. At bottom, Royal Ruby provides no legal or logical reason why a proposed amended cross-complaint cannot relate back to an original cross-complaint, where both the cross-complainant and the cross-defendant at issue were parties to the original cross-complaint and recovery is sought on the same general set of facts as those alleged in the original cross-complaint. On this point, we note that a cross-complaint is, procedurally, a "separate pleading" instituting its own action (*Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 496), and there is case law generally applying the relation-back doctrine to relate an amended cross-complaint back to an original cross-complaint. (See, e.g., *Olsen v. Lockheed Aircraft Corp.* (1965) 237 Cal.App.2d 737, 739–742.)[8]

---

*Steel Co. v. Tuolumne Gold Dredging Corp.* (1944) 63 Cal.App.2d 21, 31 (*Western Pipe & Steel*).)

[8] Royal Ruby's supplemental briefing also continues to urge that appellant was never a party, even while simultaneously arguing she was "then removed as a party" by the second amended cross-complaint. Royal Ruby still cites no authority in support of this proposition, which we have rejected above.

In sum, we conclude appellant's claims relate back to the Gills' original cross-complaint and that the trial court erred in holding otherwise. In closing, we emphasize that we have reviewed the allegations of the original cross-complaint and the proposed third amended cross-complaint solely to determine the applicability of the relation-back doctrine, and we express no opinion as to the factual or legal merits of the causes of action and prayers for relief in those cross-complaints.

## DISPOSITION

The order denying leave to amend the cross-complaint to add appellant and her claims is reversed. The matter is remanded for further proceedings not inconsistent with this opinion. Each side shall bear its own costs on appeal.


FUJISAKI, J.


WE CONCUR:


TUCHER, P.J.


RODRÍGUEZ, J.


*Manjeet Kaur Gill v. Royal Ruby, Inc.* (A165206)