Filed 12/26/24  George v. Hartman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KOSHY PUTHUKKERIL GEORGE,<br><br>Respondent,<br><br>v.<br><br>ERIC FLOYD HARTMAN,<br><br>Appellant. | H050941<br>(Santa Clara County<br>Super. Ct. No. 21CH010234) |

**THE COURT**[1]

Eric Floyd Hartman appeals from the trial court's grant of Koshy Puthukkeril George's request to modify the existing civil harassment restraining order protecting George from Hartman.  Hartman argues that the trial court had neither personal nor subject matter jurisdiction to rule on the request.  He makes this argument based on his contention that George moved from his residence.

Hartman fails to make reasoned argument or cite relevant authority to support his theory.  Further, we note that the trial court already had jurisdiction over the parties and the subject matter of the action and, moreover, the record reflects that George moved back to his home.  Accordingly, we affirm the trial court's order modifying the civil harassment restraining order.

---

[1] Before Greenwood, P. J., Grover, J., and Danner, J.

# I. PROCEDURAL HISTORY[2]

The trial court originally issued a temporary restraining order (TRO) in August 2021 on George's ex parte request for a civil harassment restraining order and temporary restraining order against Hartman.  The court ultimately granted a restraining order, with an expiration date of December 16, 2023.

A different panel of this court previously adjudicated two appeals arising from the civil harassment case.  (*George v. Hartman* (Nov. 9, 2023, H049735, H049886) [nonpub. opn.].)  Both of those appeals were filed by Hartman, and we considered them together.[3]  The prior appeals challenged (1) the trial court's order granting George's petition for a civil harassment restraining order after a hearing that took place more than 25 days after the court's ex parte issuance of a TRO; and (2) the order granting George's motion for attorney fees.  Hartman disputed the trial court's jurisdiction to issue the orders.  We concluded the procedural defects raised by Hartman did not divest the court of jurisdiction, and we affirmed the orders.

In February 2023, the trial court heard George's motion to amend the civil harassment restraining order.  In the motion, George did not request an extension as to the duration of the order, but he did request that the court order Hartman to "[c]omply with all terms and conditions of the December 13, 2021 entered [o]rder."  He also requested that the court order Hartman to further refrain from a number of specified actions, such as honking the horn of his car as he passed by George's home, putting tarps

---

[2] We omit the underlying factual allegations, which are not material to Hartman's appeal.  We deny George's motion to augment the record on appeal with several declarations filed in support of the motion to renew the civil harassment restraining order.  The declarations were filed in September 2023 and therefore were not before the trial court at the time the court granted the request to modify the civil harassment restraining order in February 2023.  (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632 ["As a general rule, documents not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review."].)

[3] We derive a portion of the procedural history from the opinion in those appeals.

over George's mailbox, leaving debris on George's driveway, harassing potential purchasers of George's property as well as realtors, agents, and potential occupants of the house, posting harassing signs, blocking an easement and service of garbage and recycle bins, and "[d]irectly talking to and harassing protected persons." George further requested that Hartman be ordered to refrain from "encouraging, directing, or assisting others in doing those actions that he is precluded from doing." Hartman did not appear at the hearing.

The court granted the motion, stating in the minute order that the evidence submitted "is not only clear and convincing evidence of continuing harassment and the need for modification, but that it is overwhelming and not disputed." The trial court stated that Hartman had provided no "justification or explanation for his perplexing and disturbing behavior," and that there were "several proceedings involving Mr. Hartman including multiple criminal prosecutions for violation of the restraining order in this action." The court continued: "The Court expected that the order was sufficient to tell an adult to play nicely and not be a jerk, but that . . . appears not to be the case with Mr. Hartman, that Mr. Hartman has taken multiple opportunities seeking to get around the express provisions of the restraining order. Mr. Hartman has continued to act as a bully." The court also stated that "there is clear and convincing evidence that Mr. Hartman's response in his CH-620 filing shows disturbing thinking, and especially so considering that Mr. Hartman is an attorney." In addition to granting the request to modify the civil harassment restraining order, the trial court granted George's request for attorney fees up to a maximum of $15,000, with the specific amount to be set following receipt of a declaration from George's counsel.

Hartman timely appealed.

## II.   DISCUSSION

Hartman argues that the trial court lacked subject matter jurisdiction and its order modifying the civil harassment restraining order is "void ab initio" because George had

3

previously sold and moved out of his residence and moved to a different home at an undisclosed address. Hartman appears to contend that the order to modify is void because it only pertains to George's former residence as the civil harassment restraining order is "in personam" and not "in rem" so the trial court lost jurisdiction after George moved.[4] For reasons we discuss, these arguments are without merit.

## A. *Jurisdiction*

The principles of appellate review are long-established. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, based on the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

To demonstrate error, "[a]n appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Ibid.*)

Hartman provides no coherent argument or citation to authority for the proposition that the trial court lacked either personal or subject matter jurisdiction when it ruled on the request to modify the restraining order. He includes in his opening brief general legal principles and definitions for personal and subject matter jurisdiction, but fails to make any logical argument as to why such jurisdiction is missing in this case, other than asserting that George moved to a different residence. As a result, he has forfeited his

___

[4] Although it is somewhat unclear from his briefs, Hartman does not appear to be challenging the trial court's jurisdiction on this ground as to the original restraining order.

argument challenging the trial court's jurisdiction. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 870.)

Even if we consider the merits of the argument, the issue here is straightforward. Jurisdiction in this matter was established when the trial court granted the original civil harassment restraining order and "[j]urisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action." (Code Civ. Proc., § 410.50; see also *Maloney v. Maloney* (1944) 67 Cal.App.2d 278, 280 ["Numerous decisions are reported in support of the proposition that where jurisdiction of the person or of the res has once attached it is not defeated by the removal of the person or of the res beyond the jurisdiction of the court."]; see also *Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 264 [once court has acquired "fundamental" jurisdiction over the parties, this jurisdiction continues to final judgment and in subsequent proceedings incidental thereto].)

Finally, even if we were to accept Hartman's premise that the trial court somehow lost jurisdiction after George changed his residence, the trial court made the factual finding that, although George and his family moved out from their home in January 2022, they later moved back into it. Hartman does not contest this. Indeed, the record does not support Hartman's assertion that George sold the home. Rather, the trial court made factual findings that George was unable to either rent or sell the property because Hartman harassed potential tenants, George's broker, agents working for the broker, and potential purchasers.

Hartman's appeal lacks any support in the record or the law, and we thus affirm the trial court's order.

### III. DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to George.

5